**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ANGELINA VASQUEZ** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **EP-12-CV-303-KC** |
| | § | |
| **EL PASO II ENTERPRISES, LLC d/b/a OASIS NURSING & REHABILITATION CENTER, and CREATIVE SOLUTIONS IN HEALTHCARE, INC.** | § § § § § | |
| | § | |
| **Defendants**. | § | |

**ORDER**

On this day, the Court considered Defendants' "Opposed Motion to Transfer Venue, and Subject Thereto, Original Answer" ("Motion"), ECF No. 7. For the reasons set forth herein, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff Angelina Vasquez ("Plaintiff"), a resident of El Paso County, Texas, alleges that she was injured in course and scope of her employment with Defendant El Paso II Enterprises, LLC d/b/a Oasis Nursing & Rehabilitation Center ("Defendant Oasis") on August 13, 2010. *See* Compl. ¶¶ 1, 5. Plaintiff claims that the injury occurred at a facility owned and operated by Defendant Oasis and Defendant Creative Solutions in Healthcare, Inc. (together "Defendants") in El Paso County, Texas. Pl.'s Resp. Opp'n Defs.' Mot. Transfer Venue ("Response") ¶ 3, ECF No. 8. All treatment for this injury, Plaintiff alleges, occurred in El Paso County, Texas. *Id.* ¶

5. Plaintiff also alleges that all her "medical providers, doctors, and custodian of records are located in or around El Paso County, Texas." *Id*.

At the time of her injury, according to Plaintiff, Defendants self-administered an employee insurance policy. Compl. ¶ 7. Plaintiff alleges that this insurance policy is an aspect of an employee benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See id*; App. A ("Plan"), ECF No. 7; 29 U.S.C. § 1002 (2012). Plaintiff alleges that she was a participant in the Plan. *See id*. Next, Plaintiff alleges that she was denied benefits, by Defendants, under the Plan for her injury. *See id*. ¶¶ 11-13. Finally, Plaintiff alleges that Defendants retaliated against her and ultimately terminated her employment. *See id*. ¶¶ 14-15.

As a result of these events, Plaintiff filed suit in the United States District Court for the Western District of Texas, El Paso Division, on August 2, 2012. *See generally id*. Plaintiff brought claims, under ERISA, for discrimination, denial of benefits, breach of fiduciary duty, and statutory violations. *Id*. ¶¶ 16-29. On September 11, 2012, Defendants moved to transfer the venue of this case, pursuant to 28 U.S.C. § 1404(a), to the Northern District of Texas, Dallas Division. *See generally* Defs.' Opposed Mot. Transfer Venue, Subject, Original Answer ("Motion"), ECF No. 7. Defendants argue that transfer is appropriate, primarily, because a forum-selection clause in the Plan states that legal challenges to a denial of benefits "must be brought in the United States District Court for the Northern District of Texas, Dallas Division." *Id*. ¶¶ 2-4; Plan 22. On September 17, 2012, Plaintiff responded in opposition to the motion to transfer. *See generally* Resp. Plaintiff argues that the forum-selection clause is not binding and violates public policy. *Id*. at 2-9. Defendants did not file a reply to this response.

## II. DISCUSSION

### A. Standard

Section 1404(a) allows "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). However, a plaintiff's selection of venue is entitled to deference. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."); *Brock v. Baskin-Robbins USA Co.*, 113 F. Supp. 2d 1078, 1086 (E.D. Tex. 2000). When a party seeks to transfer venue, via § 1404(a), that party must show good cause. *Volkswagen*, 545 F.3d at 315. To show good cause, the moving party must produce evidence showing that a transfer of venue is "for the convenience of parties and witnesses, in the interest of justice." *Id*. (citing 28 U.S.C. § 1404(a)).

To show a transfer of venue is for the convenience of parties and witnesses and is in the interest of justice, a court looks to private and public interest factors. *See id*. Private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. (internal quotation marks omitted). Public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4)

the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id*. (internal quotation marks and alterations omitted).

The presence of a forum-selection clause, in a contract, is also considered in this analysis. Recently, the United States Court of Appeals for the Fifth Circuit examined the weight of a forum-selection clause in a § 1404(a) analysis. *See In re Atl. Marine Constr. Co.*, ---F.3d----, No. 12–50826, 2012 WL 5835832, at *3-5 (5th Cir. Nov.19, 2012). First, in *Atlantic Marine*, the Fifth Circuit examined its previous holdings and concluded that § 1404(a), not § 1406(a) or Federal Rule of Civil Procedure 12(b)(3), is the proper means of enforcing a forum-selection clause that designates a specific federal forum. *Id*. at *2-3. Second, and of importance to this case, the Fifth Circuit discussed whether the existence of a forum-selection clause shifts the burden of demonstrating the propriety of transfer from the moving party to the non-moving party. *Id*. at *3-4. The Fifth Circuit noted that it had never previously confronted the issue. *Id*. at *4. Given this lack of prior guidance, the Fifth Circuit concluded that a district court did not abuse its discretion by keeping the burden on the moving party, despite the existence of a forum-selection clause. *Id*. Thus, the Fifth Circuit concluded that the district court was correct in "incorporating the forum-selection clause into the private and public factor analysis . . . ." *Id*.

This Court is cognizant that prior to *Atlantic Marine*, some district courts held that the presence of a forum-selection clause shifted the burden of demonstrating the propriety of transfer from the moving party to the non-moving party. *See, e.g.*, *Zamora-Garcia v. Moore*, M-05-331, 2006 WL 3341034, at *3 (S.D. Tex. Nov. 16, 2006) (surveying district courts in the Fifth Circuit and holding that the burden does not shift). However, this Court follows the Fifth Circuit's guidance in *Atlantic Marine*.

For reasons of precedent, public policy, and congressional intent, the Fifth Circuit held that the presence of a forum-selection clause did not shift the burden of demonstrating the propriety of transfer from the moving party to the non-moving party. *See Atl. Marine*, 2012 WL 5835832, at *4. First, the Fifth Circuit explained that a prior United States Supreme Court decision did not hold that the existence of a forum-selection clause shifted the burden, but "merely insisted that the forum-selection clause be 'a significant factor that figures centrally in the district court's calculus.'" *Id*. (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Second, the Fifth Circuit considered congressional intent and concluded that "[p]lacing the burden on the moving party still allows the court to give the forum-selection clause 'the consideration for which Congress has provided . . . .'" *Id*. (citing *Stewart*, 487 U.S. at 31). Third, the Fifth Circuit looked at the policy outcomes of its holding and noted that not shifting the burden would not "disfavor forum-selection clause or allow litigants to easily circumvent their contractually-chosen forum" because a forum selection clause is still a significant factor in a § 1404(a) analysis. *See id*. Accordingly, this Court follows the Fifth Circuit's guidance in *Atlantic Marine* and does not shift burden of demonstrating the propriety of transfer from the moving party to the non-moving party. As such, the burden, in this case, rests with Defendants.

**B. Analysis**

Defendants' primary argument for transfer is the existence of the forum-selection clause in the Plan, which Defendants argue mandates transfer under § 1404(a). *Mot*. ¶¶ 2-4; *see* Plan 22. Defendants cite to a number of district court holding, prior to *Atl*antic *Marine*, for the proposition that the existence of a valid forum-selection clause makes transfer "mandatory." *See, e.g.*, *id*. ¶ 2 (citing *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 560 (N.D. Tex. 2003)).

But given the Fifth Circuit's guidance in *Atlantic Marine*, that a forum-selection clause was just one factor in a broader § 1404(a) analysis, this Court rejects Defendants' argument that a valid forum-selection clause mandates transfer.[1] *See* 2012 WL 5835832, at *4; *Stewart*, 487 U.S. at 31 (noting that "a forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . .").

In the alternative, Defendants argue that this Court should look to "various private [interest] factors" in determining whether transfer is appropriate under § 1404(a). *See Mot.* ¶¶ 5-6. Defendants provide no facts in this case supporting transfer. Instead, Defendants cite to a list of seven private interest factors, gleamed from the *Von Graffenreid* case, to be considered in a § 1404(a) analysis.[2] *See id.* ¶ 5 (citing *Von Graffenreid*, 246 F. Supp. 2d at 563). As noted above, the *Von Graffenreid* case was decided by a district court in 2003. *See generally* 246 F. Supp. 2d at 553. In 2008, the Fifth Circuit, en banc, clarified what private *and* public interest factors a court should look to in a § 1404(a) analysis. *Volkswagen*, 545 F.3d at 315. These factors are largely the same as the *Von Graffenreid* factors. *Compare Volkswagen*, 545 F.3d at 315, *with Von Graffenreid*, 246 F. Supp. 2d at 562-63. Cognizant that no set of factors is "necessarily exhaustive or exclusive," this Court follows the Fifth Circuit's private and public interest factors. *See Volkswagen*, 545 F.3d at 315. And this Court "incorporate[s] the forum-selection clause into the private and public factor analysis . . . ." *Atl. Marine*, 2012 WL 5835832, at *4 (approving of a district court doing the same).

[1] The Court makes no judgment as to whether the forum-selection clause in this case is valid.

[2] Plaintiff also cites to the same list of factors from *Von Graffenreid*. Resp. 9.

**1. Sources of proof**

The first private interest factor is "the relative ease of access to sources of proof." *Volkswagen*, 545 F.3d at 315. In this case, only Plaintiff has indicated where evidence may lie. Specifically, Plaintiff notes that the injury and the medical treatment for the injury occurred in El Paso County, Texas. Resp. ¶¶ 3, 5. Plaintiff also contends that witnesses to Plaintiff's termination and Defendants' retaliation reside in El Paso County, Texas. *Id*. at 8. Defendants do not argue otherwise. Therefore, because of the location of these sources of proof, this factor weighs against transfer.

**2. Compulsory process**

The second private interest factor is "the availability of compulsory process to secure the attendance of witnesses." *Volkswagen*, 545 F.3d at 315. As noted above, the only witnesses identified reside in El Paso County, Texas. *See* Resp. 8. These witnesses appear to be non-party witnesses. *See id*.[3] A federal court has absolute subpoena power—that is, to compel attendance at deposition and trial—over non-party witnesses who reside in the same district as the court. *See* Fed. R. Civ. P. 45(b)-(c); *Volkswagen*, 545 F.3d at 316; *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (interpreting *Volkswagen* and defining absolute subpoena power as the power to compel attendance at deposition and trial).

But a federal court may not have absolute subpoena power over non-party witnesses who reside outside the same district as the court. Relevant to this case, a court must quash, subject to

---

[3] The Court is aware that more detailed information about the potential witnesses and their locations is usually required. *See, e.g.*, *Copeland v. City of Killeen*, A-10-CA-338-SS, 2010 WL 2732532, at *4 (W.D. Tex. July 8, 2010) ("However, because Plaintiff does not specifically name any of the witnesses in question, or give any detail as to the content of their testimony, these witnesses carry no weight in the Court's transfer analysis [of the compulsory process private interest factor].") But since Defendants have provided no evidence of any witnesses and their locations, the Court finds the Plaintiff's minimal evidence, of such, is persuasive.

certain exceptions, a subpoena requiring a non-party witness to appear at a trial if the non-party witness would have "to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(3)(B)(iii); *see ICHL, LLC v. NEC Corp. of Am.*, 5:08CV65, 2009 WL 1748573, at *8 (E.D. Tex. June 19, 2009) ("The non-party witnesses located outside this district are outside the Eastern District's subpoena power for deposition under Fed. R. Civ. P. 45(c)(3)(A)(ii), and any trial subpoenas for these witnesses to travel more than 100 miles would be subject to motions to quash under Fed. R. Civ. P. 45(c)(3).") (internal quotation marks removed). Likewise, a federal court's subpoena power to compel a non-party witness to appear at a deposition is also geographically bounded. At a maximum, it appears, a federal court in Texas can only compel a non-party witness to appear at a deposition in a county is no more than 150 miles away from where the non-party witness resides. *See Portal Technologies LLC v. IAC/Interactivecorp*, 2:11-CV-439-JRG-RSP, 2012 WL 3494826, at *2 n.1 (E.D. Tex. Aug. 15, 2012) (citing Tex. R. Civ. P. 176.3). *But see Deep Nines, Inc. v. McAfee, Inc.*, 9:09CV89, 2009 WL 3784372, at *4 (E.D. Tex. Nov. 10, 2009) (finding the range to be 100 miles). Therefore, because Dallas County, Texas is over 500 miles away from El Paso County, Texas and the non-party witnesses in this case, this Court has superior subpoena power to secure the attendance of witnesses. *See* Fed. R. Civ. P. 45(b)-(c). Accordingly, this factor also weighs against transfer.

**3. Cost of attendance**

The third private interest factor is "the cost of attendance for willing witnesses." *Volkswagen*, 545 F.3d at 315. It appears the majority of witnesses in this case are located in El Paso County, Texas. Defendants do not argue otherwise. Plaintiff notes that her medical

providers are from El Paso County, Texas. Resp. 8. Likewise, Plaintiff alleges that witnesses to the retaliation and termination are also located in El Paso County, Texas. *Id*. Plaintiff argues that requiring these witnesses to travel to Dallas County, Texas "more than 500 miles away would be unfair and inconvenient . . . ." *Id*. Defendants have presented no evidence about the cost of producing their own witnesses. Given the Fifth Circuit's guidance that travel over 100 miles is a burden to witnesses, this factor also weighs against transfer. *See Volkswagen*, 545 F.3d at 317.

**4. Other practical problems**

The fourth private interest factor is "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 315. Neither party has presented evidence that makes this factor relevant.[4] Therefore, this factor weighs neither for nor against transfer. *See Apparel Prod. Services Inc. v. Transportes De Carga Fema, S.A. de C.V.*, 546 F. Supp. 2d 451, 454 (S.D. Tex. 2008) (also finding this factor to be neutral when the parties failed to raise practical problems relating to transfer).

**5. Court congestion**

The first public interest factor is "the administrative difficulties flowing from court congestion." *Id*. According to the United States Courts' Judicial Business Report, the median time from filing to disposition in a civil case in the Northern District of Texas is 6.6 months. Administrative Office of the United States Courts, 2011 Annual Report of the Director: Judicial Business of the United States Courts, Washington, D.C.: 2012 at 156. In the Western District of Texas the median time is 7.4 months. *Id*. This Court finds this difference of less than one month

[4] Defendants do note that transfer of this case would not result in a significant delay because discovery has not yet started. Mot. ¶ 7. However, Defendants do not provide any evidence about the practicality of trial in either venue.

in disposition times to be negligible. *See* Order, *J-Crew Management, Inc. v. Atlantic Marine Construction Company, Inc. et al*, 1:12-cv-00228-LY (W.D. Tex. Aug. 6, 2012) (finding a difference of 2.3 months to also be negligible). Therefore, this factor weighs neither for nor against transfer.

**6. Local interests**

The second public interest factor is "the local interest in having localized interests decided at home." *See Volkswagen*, 545 F.3d at 315. A local interest is demonstrated by a relevant factual connection between the events and the venue. *See id*. at 317-18. Here, there is a strong factual connection between the events in this case and El Paso County, Texas. First, Defendants operate businesses in El Paso County, Texas. Compl. ¶¶ 2-3; Mot. ¶¶ 12-13. Second, Plaintiff alleges that her injury and medical treatment occurred in El Paso County, Texas. Resp. ¶¶ 3, 5. Third, Plaintiff alleges the retaliation also occurred in El Paso County, Texas. *See* Compl. ¶¶ 14-15. In juxtaposition, Defendants have provided no evidence of any connection with Dallas County, Texas. Therefore, this factor also weighs against transfer.

**7. Familiarity with law**

The third public interest factor is "the familiarity of the forum with the law that will govern the case." *See Volkswagen*, 545 F.3d at 315. Both federal courts, in this case, are equally capable of applying federal ERISA law. Therefore, this factor weighs neither for nor against transfer.

**8. Conflicts or foreign law**

The fourth public interest factor is "the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id*. (internal alterations omitted). This factor is not

applicable in this case since there is no known conflict of laws or foreign law issue in this case. Therefore, this factor weighs neither for nor against transfer.

**9. Forum-selection clause**

Next, the court examines the forum-selection clause as both a public and private interest factor. *See Volkswagen*, 545 F.3d at 315 (noting that no set of factors is "necessarily exhaustive or exclusive"). A forum-selection clause is an important tool in a business relationship. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13-14 (1972) (describing a forum-selection clause as an "indispensable element in international trade, commerce, and contracting"). In this case, there may have been compelling business reasons for selecting Dallas County, Texas as the designate forum. *See Youngblood v. JTH Tax Services, Inc.*, SA:06-CA380XR, 2006 WL 1984656, at *5 (W.D. Tex. July 17, 2006) (noting the existence of affidavit testimony explaining the rationale for a forum-selection clause). However, Defendants have not articulated any of these reasons.

The Court does not address Plaintiff's argument that this forum-selection is overreaching because it is not necessary to do so. *See* Resp. 6-8. Even if the forum-selection clause were valid, it would not overcome the other private and public factors in this case: the events, witnesses, and evidence in this case are in El Paso County, Texas, over 500 miles from Dallas County, Texas. *See Atl. Marine*, 2012 WL 5835832, at *4; *Stewart*, 487 U.S. at 31 (concluding that a forum-selection clause "should receive neither dispositive consideration . . . nor no consideration . . ."); *Zamora-Garcia*, 2006 WL 3341034, at *7-8 (denying a motion to transfer despite the existence of a forum-selection clause). Defendants, who have the burden of demonstrating that transfer is proper, have produced no countervailing evidence as to why Dallas

County, Texas is a more appropriate forum. *See Volkswagen*, 545 F.3d at 315. In sum, the private and public interest factors weigh against transfer. Accordingly, Defendants have not met their heavy burden of showing that transfer is "for the convenience of parties and witnesses, in the interest of justice." *See* 28 U.S.C. § 1404(a)).

Because the Court finds that transfer is not appropriate, it does not address Plaintiff's argument that ERISA's statutory framework supersedes the forum-selection clause. *See* Resp. 2-4.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion, ECF No. 7, is **DENIED**.

**SO ORDERED.**

.

SIGNED this 11th day of December, 2012.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE